WALDEN, Chief Judge
(dissenting):
Based on the facts of this case I would reverse and remand for resentencing.
Appellant was charged by information wth nine counts of buying, receiving or aiding in the concealment of stolen property, to wit: a heifer. At trial the owner was able to identify only seven of the nine heifers and the judge accordingly dismissed Counts Eight and Nine. The jury acquitted appellant of six of the seven remaining counts, finding him guilty of Count Seven.
The issue raised on appeal in generated by the interaction of Fla.Stat. §§ 811.16 and 811.17 (1973) [1] Buying, receiving or aiding in the concealment of stolen property is a felony regardless of the value of the property received, Fla.Stat. § 811.16 (1973). However, Fla.Stat. § 811.17 (1973) [2], provides :
“Receiving stolen goods; punishment when offender makes satisfaction.— Upon a first conviction under § 811.16, and when the act of stealing the property is not by law a felony, if the party convicted of buying, receiving or aiding in the concealing of such stolen property, makes satisfaction to the party injured to the full value of the property stolen and not restored, he shall be guilty of a misdemeanor of the first degree, punishable as provided in § 77S.082 or § 775.-083.”
At trial there was expert testimony that the heifers in question ranged in value from $55, this amount constituting petit larceny, a misdemeanor, to over $100, amount required to prove grand larceny, a felony. The appellant contends on appeal that he should have been sentenced according to the lessened penalty provisions of Fla.Stat. § 811.17 (1973), inasmuch as it was impossible to determine the value of the property that he was convicted of illegally receiving due to the failure of the state to match *615 each heifer to a corresponding count, When a defendant has been convicted of grand larceny and an appellate court determines that the proper monetary amount was not proven the correct procedure is to remand for resentencing for petit larceny, see Bornstein v. State, 54 So.2d 519 (Fla.1951). Analogously, I would reverse and remand for resentencing according to the lessened penalty provisions of Fla.Stat. § 811.17 (1973).

. Fla.Stat. § 812.031 (Supp.1974) effective July 1, 1975.

. Repealed effective July 1, 1975, Ch. 74-383, § 66, Laws of Florida (1974).